IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-523-BO

| | | |
|---|---|---|
| GARY C. FAULK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 14 & 20]. A hearing on this matter was held in Raleigh, North Carolina on October 25, 2012. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the matter is REMANDED to the agency for rehearing in accordance with this Order.

## BACKGROUND

The plaintiff filed his applications for disability insurance benefits and supplemental security income benefits on October 9, 2008 and alleged an onset date of September 29, 2008. After a denial of his application initially and upon reconsideration, the claimant requested a hearing before an Administrative Law Judge (ALJ). On July 27, 2010, the requested administrative hearing was held. On October 18, 2010, ALJ Bowling issued his decision finding that Mr. Faulk was not disabled. On August 5, 2011, the Appeals Council denied Mr. Faulk's request for review of the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.

1

## MEDICAL HISTORY

Mr. Faulk allegedly suffers from cardiomyopathy. On February 15, 2007, Mr. Faulk underwent a Cardiolite Stress Test with abnormal results. The stress test, administered by Dr. Guzzo, revealed that his ejection fraction was 30%. [Tr. 465-66] At a subsequent appointment, Dr. Guzzo reported that Mr. Faulk's ejection fraction had decreased further to 20%. Through 2007, the claimant's ejection fraction remained low. Although claimant had a pacemaker replacement in 2008, his symptoms did not resolve. On April 15, 2010, Dr. Foster reported that Mr. Faulk continued to suffer from heart failure and non-ischemic cardiomyopathy and had an ejection fraction of 15%. [Tr. 606-07]. Throughout the record there is evidence that the claimant suffered from shortness of breath, chest pain, and fatigue from 2007 through 2010.

On October 26, 2010, the claimant was found disabled by the North Carolina Department of Health and Human Services (NCDHHS) for the purpose of receiving Medicaid benefits. The NCDHHS decision included "findings of fact" and "conclusions of law." The agency concluded that the claimant met the disability requirements contained in disability listing 4.02. [Tr. 119-21].

## DISCUSSION

I. THE ALJ ERRED AT STEP THREE BY FAILING TO PROPERLY CONSIDER THE EVIDENCE OF CLAIMANT'S DISABILITY.

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 404(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

Cir. 1966)). If the commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. The analysis requires the ALJ to consider the following five factors sequentially: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment or a combination of impairments that are severe; (3) whether the claimant's medical impairment meets or equals the requirements of a disability listed in the social security regulations; (4) whether the claimant can perform past relevant work; and (5) if the claim cannot perform past relevant work, whether the claimant can perform other work. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step three of the evaluation process by failing to properly determine whether the claimant met a listing. The disability listing at issue, 4.02, lists the following requirements:

    A. Medically documented presence of one of the following:
       1. Systolic failure, with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure); or
       2. Diastolic failure, with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure);
       AND
    B. Resulting in one of the following:
       1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living. . . ; or
       2. Three or more episodes of acute congestive heart failure within a consecutive 12-motnh period, with evidence of fluid retention . . . ,

3

> requiring acute extended physician intervention such as hospitalization . . ., separated by periods of stabilization; or
> 3. Inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less . . .

The ALJ's assessment of the claimant's condition as it relates to the listing was exceedingly brief:

> The undersigned considered medical listings 4.02, 4.02, and 11.02. However, the medical evidence of record, including evidence described herein, does not show that the claimant's congestive heart failure, seizures secondary to head trauma, history of deep vein thrombosis in the right leg, or hypertension meet or equal these medical listings or any vascular medical listings. [Tr. 14].

At the hearing on these motions, counsel disputed whether the claimant had satisfied the stress test requirement of disability listing 4.02. There was also a question regarding whether the ALJ properly considered the claimant's low ejection fractions. As counsel for the claimant pointed out, the ALJ stated that he was unsure whether a listing for low ejection fractions even remained in the regulations. [Tr. 36]. The ALJ did not mention ejection fractions in his evaluation of whether the claimant's condition met the listing.

Given the evidence that claimant's ejection fractions satisfied the listing requirement, and given the plaintiff's argument that he either completed or completed the equivalent of the required stress test, the ALJ's decision is not supported by substantial evidence. Because the ALJ did not consider the plaintiff's ejection fractions or completion of a stress test, the matter is remanded to the ALJ in order to establish whether the claimant's condition meets or equals the impairment set forth in listing 4.02.

II.  IT IS PROPER TO CONSIDER THE STATE'S MEDICAID DETERMINATION UPON REMAND TO THE AGENCY.

Upon remand to the agency, it is proper for the ALJ consider the subsequent Medicaid determination issued by NCDHHS. The Court recently discussed the need for review of such determinations in *Joyner v. Astrue*, 2013 WL 310056 (E.D.N.C. Jan. 25, 2013). In that Order, the

4

Court pointed out that it is reversible error for an ALJ to neglect to consider a Medicaid determination. Further, the Court highlighted the remedial, as opposed to adversarial, position occupied by the ALJ. In such a position, the ALJ is obligated to investigate all the material evidence bearing on the claimant's condition. As such, it is appropriate upon remand of this matter for the ALJ to consider the Medicaid determination that has been issued since he arrived at his initial decision in this matter.

## CONCLUSION

Based on the foregoing, plaintiff's motion is GRANTED and the matter is REMANDED to the agency for rehearing in accordance with this Order.

SO ORDERED.

This 13 day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE